# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FORREST, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-10-1505 |
| v. : | |
| : | (Judge Caputo) |
| RICHARD GOSS, *et al.*, : | |
| : | |
| Defendants : | |

# M E M O R A N D U M

## I.  Introduction

On July 19, 2010, the United States District Court for the Eastern District of Pennsylvania granted Mr. Forrest's motion to proceed *in forma pauperis* and transferred the Complaint to this Court.  See Doc. 34.  Mr. Forrest's entitlement to proceed *in forma pauperis* is currently being reevaluated in light of information gleaned from *In re Forrest*, No. 10-4238, 2010 WL 5027141 (3d Cir. Dec. 10, 2010). Based on the following, and pursuant to 28 U.S.C. § 1915(e)(2)(A), the Court will revoke Mr. Forrest's *in forma pauperis* status but give him the opportunity to pay the filing fee in this matter prior to taking further action in this matter.  If Mr. Forrest fails to pay the filing fee, the case will be dismissed without prejudice.

## II. Background

On July 21, 2010, Michael Forrest, an inmate at the Forest State Correctional Institution (SCI-Forest), in Marienville, Pennsylvania,[1] filed this 24 page civil rights complaint pursuant to 42 U.S.C. § 1983. The 80 plus averments in the Complaint name more than 114 defendants. *See* Doc. 1. This Court has yet to screen the Complaint.

Recently the Third Circuit Court of Appeals denied Mr. Forrest's Petition for Writ of Mandamus to have this Court serve his Complaint. *See In re Forrest*, No. 10-4238, 2010 WL 5027141 (3d Cir. Dec. 10, 2010). In its opinion, the Third Circuit Court of Appeals noted that while the Eastern District granted Mr. Forrest's request to proceed *in forma pauperis*, it was "not clear that Forrest is entitled to proceed *in forma pauperis* in the District Court." *Id*. at *1. The Third Circuit Court of Appeals noted that although he indicated otherwise on his application to proceed *in forma pauperis*, Mr. Forrest has in fact filed three actions or appeals that were dismissed as frivolous, malicious, or the failure to state a claim upon which relief may be granted: (1) *Forrest v. Fulcomer*, C.A. No. 88-1036 (3d Cir. March 18, 1988); (2) *Forrest v. Vaughn*, 2:95-cv-05994-WD (E.D. Pa, October 11, 1995): and (3) *Forrest v. Meyers*, 3:01-cv-2065 (M.D. Pa. Dec. 14, 2001). *Id.* The Court also noted that it advised Mr. Forrest of his "three-strike" status in 2004 when it denied his application to proceed *in forma pauperis* in an appeal in *Forrest v. Varner*, C.A. No. 03-2911 (3d Cir. August 30, 2004). *Id*.

---

[1] SCI-Forest is located in the United States District Court for the Western District of Pennsylvania.

## III. Discussion

The Prison Litigation Reform Act of 1996 (PLRA), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury." See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under *in forma pauperis*, requiring the inmates to pay the full $350.00 filing fee prior to commencing suit. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001).

Federal law provides that where a plaintiff has made an application to proceed *in forma pauperis*, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Although Michael Forrest represents in his June 14, 2010, Application to Proceed In Forma Pauperis (doc. 11) that he has not "brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted," judicial records indicate otherwise.

In light of Mr. Forrest's prior "strikes," he cannot proceed with the instant Complaint unless his claims satisfy the exception for imminent physical harm

-3-

provided by the "three-strikes" rule.  *See* 28 U.S.C. § 1915(g).  The Court must review Plaintiff's Complaint and ascertain whether there is a plausible allegation to suggest Plaintiff faced "imminent danger or serious physical injury" at the time of filing.  *Abdul-Akbar*, 239 F.3d at 311.  In his application to proceed *in forma pauperis* Mr. Forrest explains why he believes he was under imminent danger of serious physical harm at the time he filed his Complaint.  *See* Doc. 11 at p. 2.  Primarily, Michael Forrest recounts his prior litigation success and failures, and past physical assaults he alleges he suffered at the hands of correctional staff.  *Id* at p. 3.  While he asserts that he was threatened with physical harm and the denial of medical care by various employees at SCI-Forest when he filed his Complaint, his claims of imminent harm are conclusory and speculative.  As such, Plaintiff fails to provide any factual support for his conclusory allegations that he was in imminent danger when he filed his Complaint, thus, he may not proceed in this action without prepayment of fees under § 1915(g).  Therefore, to proceed with this Complaint, Mr. Forrest must pay the full filing fee.  If he pays the filing fee, his Complaint will then be subject to review by the undersigned to determine if service of process should be authorized.

     An appropriate order will issue.

                                         **/s/ A. Richard Caputo**
                                         **A. RICHARD CAPUTO**
                                         **United States District Judge**

**Date: December  22nd, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL FORREST, | : |
| Plaintiff | : |
| | : CIVIL NO. 3:CV-10-1505 |
| v. | : |
| | : (Judge Caputo) |
| RICHARD GOSS, *et al.*, | : |
| Defendants | : |

# O R D E R

**AND NOW**, this **22nd** day of **December, 2010**, for the reasons set forth in the accompanying memorandum, it is ordered that:

1. Mr. Forrest's *In Forma Pauperis* status is revoked pursuant to 28 U.S.C. § 1915(e)(2)(A).

2. Within twenty (20) days of the date of this Order, Plaintiff shall send to: "Clerk, U.S. District Court, P.O. Box 1148, Scranton, PA 18501," a check or money order in the amount of $350.00 payable to "Clerk, U.S. District Court."

3. If Plaintiff fails to comply with paragraph (1) of this Order, this action will be dismissed without prejudice.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**